## Melsheimer *versus* Gross.

1. Land was granted to J. G. and wife " for and during their or either of their lives, and in case of them both dying without children, issue of their or either of their bodies to their heirs or assigns for ever, or if they leave such issue, then to such children and their heirs or assigns;" this was a limitation for life, with a remainder in fee to be satisfied before the third limitation can take effect. There is no remainder to the heirs of the first takers to unite with the estate for life.

2. " Children issue of their or either of their bodies" are necessarily words of purchase in a deed, and ordinarily so in a will.

[Melsheimer v. Gross.]

May 6th 1868.    Before THOMPSON, C. J., STRONG, READ, AG-
NEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *York county :* No. 86,
to May Term 1868.

This was an amicable action of covenant and case stated, in
which John Gross and Sarah A. Gross his wife were plaintiffs
and Lucian F. Melsheimer defendant.

The action was commenced March 28th 1868.

March 7th 1865, John Heagy and wife by a deed duly executed
and delivered, conveyed a lot of land to "the said John Gross
and Sarah A. his wife, for and during their or either of their
lives, and in case of them both dying without leaving children,
issue of their or either of their bodies, to their heirs or assigns
for ever, or if they leave such issue, then to such children and
their heirs or assigns."

On March 10th·1868, the plaintiff entered into an agreement
with the defendant to convey to him the said lot of land in fee
simple; $110 of the purchase-money to be paid March 16th 1868.
This sum the defendant refused to pay, alleging that the plaintiffs
were not able to convey to him in fee simple.  It was agreed that
if the court should be of opinion that the plaintiff held the land in
fee simple, and could so convey, judgment should be entered for
the plaintiffs for $110; otherwise judgment to be entered for de-
fendant.

Judgment was entered April 7th 1868, for plaintiffs for $110.

The defendant took a writ of error, and assigned for error the
entry of the judgment.

*D. J. Williams,* for plaintiff in error, cited Hileman v. Bous-
laugh, 1 Harris 350; Guthrie's Appeal, 1 Wright 9; Curtis v.
Longstreth, 8 Id. 297 ; Cote v. Von Bonhurst, 5 Id. 243; Walker
v. Milligan, 9 Id. 178; Sheets's Estate, 2 P. F. Smith 257; Powell
v. Board of Missions, 13 Wright 46; Baughman v. Baughman, 2
Yeates 410; Auman v. Auman, 9 Harris 343; Chew's Appeal,
1 Wright 23.

*T. E. Cochran,* for defendant in error, cited 2 Bl. Com. 115;
1 Washburn on Real Property 77 ; 2 Preston on Estates 480; 1
Coke Inst. 104 a. ; Guthrie's Appeal, *supra;* Lytle v. Lytle, 10
Watts 259; Baughman v. Baughman, Hileman v. Bouslaugh,
Auman v. Auman, *supra;* Act of April 1st 1865, Pamph. L.
368; Price v. Taylor, 4 Casey 95; Haldeman v. Haldeman, 4
Wright 29.

The opinion of the court was delivered, May 14th 1868, by
STRONG, J.—We cannot affirm this judgment.  The grant was
to John W. Gross and Sarah his wife, expressly for life, with

[Melsheimer *v.* Gross.]

remainder to their children, issue of their bodies, and the heirs of such children, followed by an alternative limitation to the heirs generally of the first takers. Were it not for the first remainder, John .W. Gross and his wife would have taken a fee, but that remainder vested the fee in their children. Children, issue of their or either of their bodies, are necessarily words of purchase in a deed. They would be ordinarily in a will. There is therefore a limitation for life, with a remainder in fee to be satisfied, before third limitation can take effect at all, and unless that takes effect there is no remainder to the heirs of the first takers to unite with their estate for life. The defendant below is therefore entitled to judgment.

Judgment reversed, and judgment for the defendant on the case stated.